ORIGINAL

# In the United States Court of Federal Claims

No. 17-635 C
(Filed: June 14, 2017)
**NOT FOR PUBLICATION**

FILED
JUN 14 2017
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JOHN S. BARTH, *Pro Se* Plaintiff, v. THE UNITED STATES, Defendant. | *Pro Se*; *Sua Sponte* Dismissal; Lack of Subject Matter of Jurisdiction; Claims Against State Officials and Agencies; Civil Rights Claims; Tort Claims; RICO Claims; Constitutional Claims; Collateral Attack of Other Court Decisions |

## ORDER OF DISMISSAL

The complaint in this case was filed by John Barth proceeding *pro se* on May 10, 2017. The claims alleged in the complaint appear to be rooted in a long-running dispute between the plaintiff and his neighbor, Starlet McNeely. As set forth in the complaint, the plaintiff alleges that Ms. McNeely has "sought for over four more years to force the Plaintiff from his home by extreme nuisance, keeping large dogs outside to bark through the night, and other crimes including vandalism and assault." Compl. 18. Plaintiff's claims relate to the alleged failure of various federal and state court judges and individuals working for state and federal courts to provide him with the relief he has sought in the various lawsuits he has filed against Ms. McNeely. Mr. Barth has also named several individuals whom he claims are involved in his dispute with Ms. McNeely. Specifically, Mr. Barth has named as defendants: (1) the United States; (2)

Judge Elizabeth Kovachevich, of the U.S. District Court of the Middle District of Florida; (3) Jacob Travers, an employee of the United States Supreme Court; (4) the State of Florida; (5) Judge Kimberly (Carlton) Bonner of the Twelfth Judicial Circuit Court of Florida; (6) Sarasota County of Florida; (7) Scott Ortner, a Florida state official; (8) Robert Lincoln, the lawyer representing Ms. McNeely and several other private individuals involved in the neighborhood dispute; (9) Starlet McNeely, owner of adjacent property; (10) Chantel Hollman, McNeely's daughter; (11) Herbert Buck, a nearby resident involved in the neighborhood dispute; and (12) any persons yet unknown that may become defendants or seek to obstruct this action or injure the plaintiff. Compl. 4.

Mr. Barth claims that the parties named have violated his due process and equal protection rights and have taken his property without just compensation. He also makes a variety of judicial misconduct, racketeering, nuisance and assault claims. By way of relief, Mr. Barth states that he is seeking compensatory damages of $1,500,000.00 for loss of quality of life and $300,000.00 for the purchase of another home where animal nuisances are not permitted. He is also seeking $1,000,000.00 from each government entity that has denied his constitutional rights. Finally, the plaintiff "demands the imprisonment of each of [the defendants] for four years under continuous monitoring and noisemaking sufficient to ensure that they do not sleep more than four hours in any twenty-four hour period." Compl. 30.

For the reasons explained below, the court has determined that jurisdiction is lacking over all of plaintiff's claims. Accordingly, under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"), the action is **DISMISSED**.

I.   **STANDARD OF REVIEW**

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists...." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If the court lacks jurisdiction, it cannot proceed with the action. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Even if subject matter jurisdiction has not been challenged by either party, the court must evaluate the existence of subject matter jurisdiction. *Id.* at 506. Rule of the Court of Federal Claims 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In determining whether subject matter jurisdiction exists, the court will take uncontested allegations as true and will construe them in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). In addition, the pleadings of *pro se* plaintiffs will be held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Johnson v. United States*, 411 F. App'x 303, 305 (Fed. Cir. 2010) (*quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, the court's leniency will not relieve the burden on a *pro se* plaintiff to meet jurisdictional requirements. *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

In order to avoid dismissal, the plaintiff must demonstrate that his claims fall within the court's jurisdiction and that substantive law creates a right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). As discussed below, although the plaintiff cites this court's jurisdictional statute, the Tucker Act, 28 U.S.C. § 1491, as a basis for jurisdiction, Compl. 10, this court finds that none of his claims fall within that jurisdictional grant.

## II. DISCUSSION

To begin, the Court of Federal Claims only has jurisdiction to hear claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (explaining that the court's "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . and if the relief is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). As this court explained in *Anderson v. United States*, the Court of Federal Claims lacks "jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." 117 Fed. Cl. 330, 331 (2014). Therefore, this court lacks jurisdiction over all claims against parties other than the United States and all claims against those parties must be dismissed, including his claims for: nuisance, judicial misconduct and abuse of office, racketeering, and various tort claims such as nuisance and assault.

This court also lacks jurisdiction over plaintiff's claims against the United States. First, this court does not have jurisdiction over claims brought by plaintiff for violations of the Civil Rights Acts or for deprivation of rights under the color of law. Only federal district courts, and not the Court of Federal Claims, have jurisdiction to hear claims alleging civil rights violations. *See Jones v. United States*, 104 Fed. Cl. 92, 99 (2012); *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (citing Wildman v. United States, 28 Fed. Cl. 494, 495 (1993) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over

4

claims arising under the Civil Rights Act resides exclusively in the district courts."). This court similarly lacks jurisdiction to hear claims alleging deprivation of civil rights under color of law. *See Jones*, 104 Fed. Cl. at 99 (dismissing *pro se* plaintiff's claim for deprivation of rights under color of law for lack of jurisdiction).

Second, this court lacks jurisdiction to hear plaintiff's claims against the United Statesسounding in tort. The Tucker Act states that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphasis added). Thus the many claims plaintiff has alleged in connection with his neighborhood dispute, such as nuisance, assault, slander, harassment, and trespass, to the extent they include the United States, sound in tort and must be dismissed. *See McKenzie v. United States*, 524 F. App'x 636, 637–38 (Fed. Cir. 2013) (held that public nuisance claim brought by federal prisoner proceeding as a *pro se* plaintiff sounded in tort and therefore was not within subject matter jurisdiction of Court of Federal Claims under the Tucker Act); *Moore v. United States*, 419 F. App'x 1001, 1002 (Fed. Cir. 2011) (assault claim sounded in tort); *Kortlander v. United States*, 107 Fed. Cl. 357, 368 (2012) (slander and harassment sounded in tort); *Cycenas v. United States*, 120 Fed. Cl. 485, 498 (2015) (trespass claim sounded in tort). This court also does not have jurisdiction over plaintiff's claims that are criminal in nature such as vandalism, as alleged in his complaint. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011).

Third, this court lacks jurisdiction over plaintiff's claims related to violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. RICO vests jurisdiction over civil actions involving racketeering claims exclusively in the federal district courts. *See Julian v. United States*, 658 F. App'x 1014, 1016-17 (Fed. Cir. 2016) (RICO Act is not a money-mandating statute conferring jurisdiction on the U.S. Court of Federal Claims); *Stanwyck v. United States*, 127 Fed. Cl. 308, 315 (2016) (The RICO Act "provides for a civil action within the exclusive federal jurisdiction of U.S. district courts, and not this court.").

Fourth, this court lacks jurisdiction over plaintiff's claims based on alleged violations of the Due Process and Equal Protections clauses of the Fifth and Fourteenth Amendments. It is well-settled that neither of these clauses are money-mandating and thus cannot serve as a basis for jurisdiction in this court. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("[T]he Fourteenth Amendment's Equal Protection Clause" and "the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."); *see also Leblanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (alleged due process and equal protection violations are an insufficient basis for jurisdiction because they do not mandate payment of money damages).

Finally, because this court does not have jurisdiction to review the actions of federal district courts, plaintiff's Fifth Amendment Taking claim must also be dismissed. The plaintiff appears to allege that the decisions of the United States District Court for the Middle District of Florida and the United States Court of Appeals for the Eleventh

Circuit dismissing the case he filed against Ms. McNeely amounted to a taking of his property without just compensation.[1] The Federal Circuit has held, however, that the Court of Federal Claims does not have jurisdiction over a taking claim requiring this court to determine whether another court case was correctly decided. As the Federal Circuit stated in *Vereda, Ltda. v. United States*, "the Court of Federal Claims cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal." 271 F.3d 1367, 1375 (Fed. Cir. 2001) (*quoting Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001)). Here, plaintiff's taking claim would require this court to review the decisions of the District Court for the Middle District of Florida and the Court of Appeals for the Eleventh Circuit. Because the court may not review those decisions, plaintiff's taking claim must be dismissed.

## III. CONCLUSION

For all of the above-stated reasons, plaintiff's complaint is **DISMISSED** in accordance with RCFC 12(h)(3) for lack of jurisdiction. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

---

[1] *See Barth v. McNeely*, No. 8:14-CV-00118-EAK-EAJ, 2014 WL 3101348 (M.D. Fla. July 7, 2014) (granting defendants' motion to dismiss for failure to state a claim and lack of subject matter jurisdiction). The dismissal was upheld in *Barth v. McNeely*, 603 F. App'x 846 (11th Cir. 2015), cert. denied, 136 S. Ct. 217 (2015).